UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN ANDR'E WARREN,

                    Plaintiff,

    -against-

HIP-HOP HALL OF FAME,

                    Defendant.

22-CV-7874 (LTS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a prisoner at Brooks Correctional Facility in Muskegon Heights, Michigan, filed this action *pro se*.[1] On October 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). On October 31, 2022, Plaintiff filed a motion "for U.S. Marshal Service of the complaint." (ECF 10.) For the reasons set forth below, the Court directs Plaintiff, within thirty days, to show cause by declaration why the Court should not vacate the order granting his IFP application pursuant to the IFP statute's three-strikes provision. *See* 28 U.S.C. § 1915(g).

## PRISON LITIGATION REFORM ACT

    The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

---

[1] *See Warren v. People of the State of Mich.*, No. 05-CV-314 (W.D. Mich. May 9, 2005) (noting that Plaintiff "is serving a nonparolable life sentence" for a felony murder conviction).

The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under Section 1915(g) from filing any actions IFP. *See, e.g., Warren v. Xlibris Corp.*, No. 11-CV-200 (W.D. Mich. Jan. 30, 2012) (adopting report and recommendation, granting Defendants' motion to dismiss, and dismissing complaint for failure to state a claim on which relief may be granted); *Warren v. United States*, No. 06-CV-482, 74 Fed. Cl. 723 (Fed. Cl. Nov. 30, 2006) (granting Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismissing complaint with prejudice); *Warren v. Walters*, No. 04-CV-74876 (E.D. Mich. Feb. 10, 2005) (dismissing complaint as frivolous and for failure to state a claim); *Warren v. Miller*, No. 03-CV-122 (W.D. Mich. Nov. 25, 2003) (dismissing complaint for failure to state a claim); *Warren v. Overton*, No. 02-CV-917 (S.D. Mich. Jan. 7, 2003) (dismissing complaint for failure to state a claim.[2]

Because Plaintiff is barred under Section 1915(g), unless he is "under imminent danger of serious physical injury," he must pay the filing fee. Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury.[3] Instead, Plaintiff asserts a claim of copyright or trademark infringement and unfair trade practices against Defendant, arising out of Plaintiff's protected "artistic expression Hip Hop Hall of Fame." (ECF 9 at 3.)

---

[2] Plaintiff is already barred under Section 1915(g) in federal courts in Michigan from filing any new action IFP while he is a prisoner. *See, e.g.*, *Warren v. Lincoln*, No. 20-CV-181, 2020 WL 1527039, at *2 (S.D. Mich. Mar. 31, 2020) (describing Plaintiff as an "active litigant."); *Warren v. Patton*, No. 10-CV-677 (W.D. Mich. Jul. 23, 2010); *Warren v. Barnes*, No. 07-CV-1096 (W.D. Mich. Nov. 30, 2007). A review of Public Access to Court Electronic Records (PACER) shows that Plaintiff has filed more than 20 *pro se* complaints.

[3] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

**NOTICE AND OPPORTUNITY TO BE HEARD**

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will vacate the order granting his IFP application, dismiss the action without prejudice, and recognize Plaintiff as barred from filing future actions IFP while he is a prisoner. *See* 28 U.S.C. § 1915(g).[2]

**CONCLUSION**

The motion for service is denied without prejudice, and the Clerk of Court is directed to terminate its deadline. (ECF 10.)

The Court directs Plaintiff, within thirty days, to show cause by declaration why the Court should not vacate the order granting the IFP application, pursuant to the IFP statute's three-

---

[2] Even if Plaintiff commences a new federal civil action by paying the fees to bring that action, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Plaintiff is also cautioned that any vexatious litigant (prisoner or nonprisoner) may be barred from filing any future action in this court, without first obtaining leave of court, pursuant to the court's general authority under 28 U.S.C. § 1651(a). *See In re Martin-Trigona*, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

strikes provision, 28 U.S.C. § 1915(g). A declaration form is attached to this order. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will vacate the order granting Plaintiff's IFP application, dismiss this action without prejudice, and recognize Plaintiff as barred under Section 1915(g) from filing future federal civil actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 14, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2