UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN ANDR'E WARREN,

                Plaintiff,

-against-

HIP HOP HALL OF FAME,

                Defendant.

22-CV-7874 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a prisoner at Brooks Correctional Facility in Muskegon Heights, Michigan, filed this action *pro se*, and seeking leave to proceed *in forma pauperis* ("IFP"). By order dated November 14, 2022, the Court (1) noted that while Plaintiff was a prisoner,[1] he had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and (2) ordered Plaintiff to show cause why he should not be barred under the three-strikes provision of 28 U.S.C. § 1915(g) from filing further actions IFP in this Court while he is a prisoner.[2] Plaintiff filed a declaration on January 3, 2023 (ECF 12), and, having reviewed it, the Court has determined that Plaintiff has failed to show that the bar order should not be imposed.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

---

[1] *See Warren v. People of the State of Mich.*, No. 05-CV-314 (W.D. Mich. May 9, 2005) (noting that Plaintiff has been in custody since 1995, and "is serving a nonparolable life sentence" for a felony murder conviction).

[2] Plaintiff is already barred under section 1915(g) in other districts from filing new actions IFP while he is a prisoner. *See, e.g.*, *Warren v. Lincoln*, No. 20-CV-181, 2020 WL 1527039, at *2 (S.D. Mich. Mar. 31, 2020); *Warren v. Barnes*, No. 07-CV-1096 (W.D. Mich. Nov. 30, 2007).

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).

A prisoner's "entire action or appeal" must be dismissed on a section 1915(g) ground to count as a strike. *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019) (per curiam). Where a district court dismisses an action on several grounds, the action may be treated as a strike "where one of the grounds for dismissal would independently justify a strike and was 'a fully sufficient condition' for dismissal of all claims." *Griffin v. Carnes*, No. 22-1134, 2023 WL 4279207, *2 (2d Cir. June 30, 2023) (per curiam) (citing *O'Neal v. Price*, 531 F.3d 1146, 1155–56 (9th Cir. 2008)). Following its own independent review of those strikes, as required under *Escalera*, 938 F.3d 380 at 381, the Court has determined that Plaintiff has accumulated three strikes.

1. *Warren v. Xlibris Corp.* ("*Warren I*")

In *Warren v. Xlibris Corp.*, No. 11-CV-200, 2012 WL 266956 (W.D. Mich. Jan. 6, 2012), *report and recommendation adopted by* 2012 WL 271336, at *1 (W.D. Mich. Jan. 30, 2012), Plaintiff sued a private publishing company, arising out of a 2000 contract, asserting First Amendment claims under 42 U.S.C. § 1983, and state-law claims under the Michigan Consumer Protection Act. The court granted the defendant's motion to dismiss, holding that the facts alleged failed to state a claim under section 1983 or state law, and that Plaintiff's claims were, in any event, untimely.

In his declaration, Plaintiff alleges that this dismissal is not a strike because it was solely on statute of limitations grounds. (ECF 12 at 3.) Even if that were the case, which the court

orders show that it is not, a dismissal on statute of limitations grounds is for failure to state a claim, a strike ground. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same). The action was dismissed, in its entirety, for failure to state a claim, and thus qualifies as a strike under section 1915(g).

    2.    *Warren v. United States* ("*Warren II*")

In *Warren v. United States*, No. 06-CV-482, 74 Fed. Cl. 723 (Fed. Cl. Nov. 30, 2006), Plaintiff filed a complaint in the United States Court of Claims under the Military Pay Act, 37 U.S.C. § 204, alleging entitlement to salary that he would have received but for his allegedly unlawful discharge from the military. The court granted the government's motion to dismiss, under Fed. R. Civ. P. 12(b)(1), on statute of limitations grounds, "ascertain[ing] no basis for invoking the doctrine of equitable tolling." *Id.*, 74 Fed. Cl. at 726. Plaintiff asserts in his declaration that this case "was a military habeas action excepted from the PLRA." (ECF 12 at 1.) The dismissal order shows, however, that the court did not construe Plaintiff's submission as a petition for a writ of *habeas corpus*.[3] Because this submission was construed as a non-*habeas* civil action, and dismissed on statute of limitations grounds, it also qualifies as a strike under section 1915(g).

    3.    *Warren v. Miller* ("*Warren III*")

In *Warren v. Miller*, No. 03-CV-122 (W.D. Mich. Nov. 25, 2003), Plaintiff filed a complaint against a state court judge, under the Declaratory Judgment Act, 28 U.S.C. § 2201

---

[3] Having reviewed Plaintiff's complaint on Public Access to Court Electronic Records ("PACER"), the Court notes that Plaintiff did not style his submission as a *habeas* petition, or seek *habeas* relief. No. 06-CV-482, ECF 2.

("DJA"), alleging that Plaintiff was incarcerated under the wrong name due to a mistake in the listing of his name in the 1995 judgment of conviction. The court: (1) dismissed the complaint for failure to state a claim, because the DJA does not create an independent cause of action; and (2) held that the facts alleged did not state a claim under section 1983, because Plaintiff essentially sought to correct a clerical error, which could be remedied by filing a motion in "the trial court to make any appropriate corrections to his name in the Judgment of Sentence." *Id.*, 03-CV-122, ECF 19 at 4.

In the declaration, Plaintiff suggests that this action should not count as a strike because defendants "agreed to the error and that they would correct it if [Plaintiff] file[d] a motion in the trial court. The order explains this as the reason for the dismissal only." (ECF 12 at 3.) But the order makes clear that the court dismissed the action on the merits, and not, as Plaintiff suggests, pursuant to a stipulation or other settlement, or in some other way that would exempt this matter from counting as a strike under the PLRA.

The Court thus finds that, in light of the dismissals in *Warren I, Warren II, and Warren III*, Plaintiff has accumulated three strikes, and is thus barred from proceeding IFP under section 1915(g).[4]

4.     Imminent danger

Even if Plaintiff has three strikes under section 1915(g), he can proceed IFP with this action if he alleges facts suggesting that he is in imminent danger of serious physical injury and that there is "a nexus between the imminent danger . . . and the legal claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). An imminent danger is one

---

[4] Accordingly, the Court declines to evaluate whether the other two cases listed in the order to show cause, *Warren v. Walters*, No. 04-CV-74876 (E.D. Mich. Feb. 10, 2005), and *Warren v. Overton*, No. 02-CV-917 (S.D. Mich. Jan. 7, 2003), qualify as strikes.

"existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. Pettus, 554 F.3d at 296. As noted in the order to show cause, Plaintiff does not allege any facts suggesting that he is in imminent danger of serious physical injury. Instead, Plaintiff asserts a claim of copyright or trademark infringement and unfair trade practices against Defendant, arising out of Plaintiff's protected "artistic expression Hip Hop Hall of Fame." (ECF 11 at 2.).

## CONCLUSION

The Court finds that, while Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future actions IFP in this Court while he is a prisoner unless he is under imminent threat of serious physical injury. The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's "three-strikes" rule.[5] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[5] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 27, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge